IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN JOHNSON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| DONALD T. VAUGHN, et al. | : | No. 06-4170 |

## REPORT AND RECOMMENDATION

PETER B. SCUDERI
UNITED STATES MAGISTRATE JUDGE                        January  4 , 2007

This is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. §

2254 by Kevin Johnson ("Petitioner"), an individual currently incarcerated in the State

Correctional Institute at Frackville, Pennsylvania.  For the reasons that follow, I

recommend that the petition be dismissed.

## I.    FACTS AND PROCEDURAL HISTORY

On September 25, 1991, a jury sitting before the Honorable Joseph D. O'Keefe of

the Court of Common Pleas of Philadelphia County convicted Petitioner of first degree

murder and possessing an instrument of crime.  After denying post-verdict motions, Judge

O'Keefe sentenced Petitioner to life imprisonment for first-degree murder and a

concurrent term of two and one-half (2½) to five (5) years for the weapons offense.

Petitioner appealed to the Pennsylvania Superior Court, which affirmed the

judgments of sentence on August 17, 1993.  Commonwealth v. Johnson, 635 A.2d 203

(Pa. Super. 1993) (table).  Petitioner filed a petition for allowance of appeal with the

Pennsylvania Supreme Court, which was denied on May 9, 1994.  Commonwealth v.

Johnson, 646 A.2d 1176 (Pa. 1994) (table).

On January 16, 1997, Petitioner filed a counseled application for collateral relief pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. § 9541 et seq. On June 23, 1997, counsel filed an amended PCRA petition. On November 17, 1997, the PCRA court dismissed the petition. Petitioner did not file an appeal.[1]

On March 29, 2000, Petitioner filed a second PCRA petition, which was dismissed as untimely on March 17, 2003. Petitioner appealed to the Pennsylvania Superior Court, which affirmed in a published opinion dated December 26, 2003. Commonwealth v. Johnson, 841 A.2d 136 (Pa. Super. 2003). In its opinion, the Superior Court specifically rejected Petitioner's claim that the trial court had erred by failing to hold a hearing on his claim that he was actually innocent based upon the 2002 recantation of Ernest Herwig, one of two (2) eyewitnesses to the murder.[2] Id. at 140-141. Petitioner filed a petition for allowance of appeal with the Pennsylvania Supreme Court, which was denied on August 25, 2004. Commonwealth v. Johnson, 858 A.2d 109 (Pa. 2004) (table).

---

[1]In the present petition, Petitioner alleges that he filed an appeal and that "no action [was] taken." See Pet. at 6. However, the Pennsylvania Superior Court stated the following when addressing the procedural history of this case: "[Petitioner] claims that he filed a pro se appeal from the denial of his petition on December 8, 1997, but there is no indication of this appeal in the record." Commonwealth v. Johnson, 841 A.2d 136, 138 (Pa. Super. 2003). Moreover, in an earlier habeas petition based upon this same conviction, Petitioner indicated that he did not appeal the dismissal of his first PCRA petition. See Pet. at No. 04-cv-4914, at 7.

[2]The second eyewitness was a police officer who saw Petitioner shoot the victim three (3) times, after which he chased Petitioner and eventually apprehended him. See Commonwealth v. Johnson, 841 A.2d 136, 141 (Pa. Super. 2003).

On October 18, 2004,  Petitioner executed a federal habeas petition concerning this state conviction, but mailed it to the United States District Court for the Eastern District of Pennsylvania without the $5.00 filing fee.  See Docket at 04-cv-4914.  On December 10, 2004, the Honorable Eduardo C. Robreno dismissed the habeas petition without prejudice, instructing that if Petitioner were to pay the fee in the future, the Clerk should refer the matter back to the District Court, which would at that time decide whether to re-open the case.  See id. at Document No. 3.  On December 6, 2005 – more than one (1) year later – Petitioner submitted the $5.00 filing fee to the District Court.  See id.  On June 28, 2006, Judge Robreno ordered that 04-cv-4914 not be re-opened for consideration of the merits; that the $5.00 filing fee be returned to Petitioner; and the case be dismissed without prejudice.

On January 30, 2006, Petitioner filed a third PCRA petition in the state court.  The PCRA court dismissed the petition as untimely on July 28, 2006, and it does not appear that Petitioner filed a further appeal.

On September 11, 2006, Petitioner filed the instant pro se petition for writ of habeas corpus.[3]  On December 27, 2006, Respondents filed an Answer asserting that the petition is time-barred under the Anti-Terrorism and Effective Death Penalty Act

---

[3]A pro se petitioner's habeas petition is deemed filed at the moment he delivers it to prison authorities for mailing to the district court.  Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) (citing Houston v. Lack, 487 U.S. 266 (1988)).  Petitioner signed his original habeas petition on September 11, 2006; therefore, I will assume that he presented it to prison authorities on that date.

("AEDPA").

## II.   <u>DISCUSSION</u>

_____Section 101 of the AEDPA, effective April 24, 1996, amended habeas corpus law

by imposing a one (1) year limitation period to applications for writ of habeas corpus filed

by persons in state custody.  28 U.S.C.A. § 2244(d)(1).  Section 2244, as amended,

provides that the one (1) year limitation period shall run from the latest of:

> (A)  the date on which the judgment became final by the
> conclusion of direct review or the expiration of the time
> for seeking such review;
>
> (B)  the date on which the impediment to filing an
> application created by state action in violation of the
> Constitution or laws of the United States is removed, if the
> applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was
> initially recognized by the Supreme Court, if the right has
> been newly recognized by the Supreme Court and made
> retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim
> or claims presented could have been discovered through
> the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The amended statute also provides that the time during which a

properly filed application for state post-conviction or other collateral review is pending

shall not be counted toward any period of limitation.  28 U.S.C. § 2244(d)(2).

In the instant case, the applicable starting point for the statute of limitations is "the

date on which the judgment became final by the conclusion of direct review or the

expiration of the time for seeking such review." <u>Swartz v. Meyers</u>, 204 F.3d 417, 419 (3d

Cir. 2000).  Petitioner's conviction became final on August 7, 1994, the deadline for

filing a writ of <u>certiorari</u> to the United States Supreme Court on direct appeal.  <u>Kapral v.

United States</u>, 166 F.3d 565, 575 (3d Cir. 1999).  Because Petitioner's conviction became

final before the effective date of the AEDPA, Petitioner had until April 24, 1997 – one (1)

year after the effective date – to file his federal habeas petition, plus any time during

which the limitations period was tolled.

    **A.**    **Statutory Tolling**

Petitioner filed his first PCRA petition on January 16, 1997, by which time 267

days had run on the one- (1-) year AEDPA statute of limitations.  Because the PCRA

petition was "properly filed," it tolled the AEDPA statute of limitations during the period

in which it was pending.  <u>See</u> 28 U.S.C. § 2244(d)(2); <u>Artuz v. Bennett</u>, 531 U.S. 4

(2000) ("properly filed" petition for state collateral relief must comply with the state's

timeliness requirements).  As previously explained, the PCRA court denied relief on

November 17, 1997, and there is no evidence that Petitioner filed an appeal with the

Pennsylvania Superior Court.  As a result, Petitioner's PCRA petition was "pending" until

December 17, 1997, when the thirty- (30-) day filing deadline passed.

Because 267 days had already run on the one- (1-) year AEDPA statute of

limitations, Petitioner had ninety-eight (98) days, or until approximately March 25, 1998,

in which to file his federal habeas petition.  However, Petitioner did not file the instant

federal habeas petition until September 11, 2006, *approximately eight and one-half (8½) years late.*[4]  As a result, Petitioner's habeas petition is time-barred, unless the limitations period is equitably tolled.

### B.     Equitable Tolling

The Third Circuit has determined that the one (1) year period of limitation for § 2254 is subject to equitable tolling because this limitation period is a statute of limitations and not a jurisdictional bar.  See Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1988).  Equitable tolling is proper only when the "principles of equity would make [the] rigid application [of a limitation period] unfair."  Id. (citation omitted).  "The petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.'  Mere excusable neglect is not sufficient."  Id. at 618-19 (citations omitted).  The Third Circuit has set forth three (3) circumstances in

---

[4]None of Petitioner's other filings statutorily tolled the running of the AEDPA limitations period.  Petitioner filed his second and third PCRA petitions on March 29, 2000, and January 30, 2006, respectively, well after the AEDPA limitations period had already run.  In any event, because the state courts found the second and third PCRA petitions to have been untimely, they would not be considered "properly filed applications" for post-conviction relief which would toll the federal statute of limitations.  See 28 U.S.C. § 2254(d)(2) (the time during which a "properly filed application" for state post-conviction review is pending shall not be counted toward the one (1) year period of limitation); see also Pace v. DiGuglielmo, 544 U.S. 408 (2005) (holding time limits are "filing conditions" such that pendency of an untimely collateral appeal is not a basis for statutory tolling); Schlueter v. Varner, 384 F.3d 69, 78 (3d Cir. 2004) (same); Merritt v. Blaine, 326 F.3d 157, 165-166 (3d Cir. 2003) (same).  Thus, the period of time during which Petitioner's untimely second and third PCRA petitions were pending in the state courts would not have tolled the running of the one (1) year AEDPA limitations period, even if the limitations period had not already expired.  Similarly, Petitioner's previous attempt to file a federal habeas petition concerning this state conviction began on October 18, 2004, which was also well after the AEDPA limitations period had already run.

6

which equitable tolling is justified: (1) if the defendant has actively misled the plaintiff; (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights; or (3) if the plaintiff has timely asserted his rights, but has mistakenly done so in the wrong forum.  Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999) (citations omitted).  "In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling."  Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001).

Here, Petitioner makes no explicit argument for equitable tolling.  Nevertheless, two (2) arguments may be inferred: Petitioner is actually innocent based on the recantation of an eyewitness in 2002; and the Court should not utilize the 2006 filing date of the present habeas petition, but rather the 2004 filing date of the habeas petition he unsuccessfully attempted to file at Docket No. 04-cv-4914.  I find that neither implied argument warrants equitable tolling.  As for actual innocence, the Pennsylvania Superior Court specifically found that the witness recantation in this case was unreliable. Commonwealth v. Johnson, 841 A.2d 136, 141 (Pa. Super. 2003).  Moreover, the witness who recanted his testimony was not the only eyewitness in this case.  A police officer testified that he saw Petitioner shoot the victim three (3) times, after which he chased Petitioner and eventually apprehended him.  In addition, ballistics matched the bullets recovered from the victim's body and determined that they were fired from the same type of gun that Petitioner possessed on the night of the murder.  See id.  As for the filing date,

7

even if the Court were to exercise its equity power and back-date the present habeas petition to 2004, the petition would still be time-barred by several years.

Based on the foregoing, I do not find the instant matter to be one of "rare situation[s] where equitable tolling is demanded by sound legal principals as well as the interests of justice."  See Jones, supra.  Because there are no "extraordinary" circumstances which would justify application of equitable principles, this court finds that there are no circumstances which would make the rigid application of the limitation period unfair.  Consequently, the petition must be dismissed as untimely.

Therefore, I make the following:

## R E C O M M E N D A T I O N

AND NOW, this   4th     day of January, 2007, IT IS RESPECTFULLY

RECOMMENDED that the petition for a writ of habeas corpus filed pursuant to 28

U.S.C. § 2254 be DISMISSED.  There has been <u>no</u> substantial showing of the denial of a

constitutional right requiring the issuance of a certificate of appealability.

—

/s/Peter B. Scuderi
PETER B. SCUDERI
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KEVIN JOHNSON : CIVIL ACTION
:
v. :
:
DONALD T. VAUGHN, et al. : No. 06-4170

**O R D E R**

AND NOW, this        day of                    , upon careful and

independent consideration of the petition for a writ of habeas corpus filed pursuant to 28

U.S.C. § 2254, and after review of the Report and Recommendation of United States

Magistrate Judge Peter B. Scuderi, and any objections made thereto, IT IS ORDERED

that:

1.  The Report and Recommendation is APPROVED and ADOPTED.

2.  The petition filed pursuant to 28 U.S.C. § 2254 is DISMISSED.

3.  There is <u>no</u> basis for the issuance of a certificate of appealability.

BY THE COURT:

_____
EDUARDO C. ROBRENO, J.