IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN JOHNSON, | : | CIVIL ACTION |
| | : | NO. 06-4170 |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| EDWARD KLEM, et al., | : | |
| | : | |
| Respondents. | : | |

### O R D E R

**AND NOW**, this 26th   day of **OCTOBER, 2007,** upon

consideration of the Report and Recommendation of United States

Magistrate Judge Peter B. Scuderi (doc. no. 7) and petitioner's

objections thereto (doc. no. 12), it is hereby **ORDERED** as follows:

> 1.   The Report and Recommendation is **APPROVED** and
>
> **ADOPTED**;[1]

---

[1] Following petitioner's sentencing on September 25, 1991, in
the Philadelphia Court of Common Pleas, petitioner appealed to
the Pennsylvania Superior Court which affirmed the judgment on
August 17, 1993. Petitioner filed a petition for allowance of
appeal with the Pennsylvania Supreme Court, which was denied on
May 9, 1994.
    On January 16, 1997, Petitioner filed a counseled
application for collateral relief to pursuant to Pennsylvania's
Post Conviction Relief Act ("PCRA"), 42 Pa. Const. Stat. Ann.
§9541 et seq. On June 23, 1997, counsel filed an amended PCRA
petition which the Philadelphia Court of Common Pleas dismissed
on November 17, 1997. Petitioner did not file an appeal.  On
March 29, 2000, Petitioner filed a second PCRA petition, which
was dismissed by the Philadelphia Court of Common Pleas as
untimely on March 17, 2003.  Petitioner appealed to the
Pennsylvania Superior Court, which affirmed the dismissal in a
published decision dated on December 26, 2003. Commonwealth v.
Johnson, 841 A.2d 136 (Pa. Super. 2003).  Petitioner filed a
petition for allowance of appeal with the Pennsylvania Supreme
Court which was denied on August 25, 2004.

_____

On October 18, 2004, Petitioner filed a federal habeas petition, but without the $5.00 filing fee, in the United States District Court for the Eastern District of Pennsylvania.  On December 10, 2004, this Court dismissed the habeas petition without prejudice for failure to pay the filing fee, stating that if Johnson were to pay the fee in the future, the Clerk should refer the matter back to District Court, which would at that time decide whether to re-open the case.  On December 6, 2005, Petitioner submitted the $5.00 filing fee to the District Court. For reasons that are unclear from the record, (but which are not relevant to the instant appeal) on June 28, 2006, this Court ordered that the case could not be re-opened for consideration of the merits; the $5.00 filing fee be returned to Petitioner; and the case be dismissed without prejudice.  On January 30, 2006, Petitioner filed a third PCRA petition in state court.  The PCRA petition was dismissed on July 28, 2006, and it does not appear Petitioner filed an appeal.  On September 11, 2006, Petitioner filed yet another federal habeas petition and it is this petition which is before the Court at this time.   On December 27, 2006, Respondents filed an Answer asserting the petition is time-barred under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA").

On January 5, 2006, Magistrate Judge Scuderi filed his Report and Recommendation, recommending the petition be dismissed as time barred. On February 26, 2007, Petitioner filed his objections to Magistrate Judge Scuderi's Report and Recommendation, namely that (1) statutory tolling preserved his right to bring the instant habeas petition and (2) equitable tolling would allow him to proceed even if the deadline under Anti-Terrorism and Effective Death Penalty Act ("AEDPA") had passed.  These objections do not warrant relief.

Effective on April 24, 1996, §101 of the AEDPA imposed a one-year limitation period to applications for writs of habeas corpus filed by persons in state custody. 28 U.S.C. §2244(d)(1). The statute also provides that the time during which an application is properly filed for a state post-conviction or other collateral review is pending shall not be counted toward any period of limitation. 28 U.S.C. §2244(d(2).

In this instance, the statutory one-year period in which to file a habeas petition commenced with the passage of the AEDPA; April 24, 1996.  Since petitioner's first PCRA petition was "properly filed," it tolled the AEDPA statue of limitations during the period in which it was pending.  When petitioner filed his first PCRA petition on January 16, 1997, 267 days had run on the one-year AEDPA statute of limitations.

Since the first PCRA petition was denied on November 17, 1997, and because there was no evidence that petitioner filed an appeal with the Pennsylvania Superior Court, the AEDPA

2

---

limitations period began to run again, approaching the March 25, 1998 deadline, approximately 98 days away.  Petitioner filed the federal habeas corpus petition on September 11, 2006, which was approximately eight and one-half years late. Due to the gross delay in filing his habeas petition the petitioners first objection must be overruled. See 28 U.S.C. § 2244(d)(1).

While Magistrate Judge Scuderi noted that Petitioner did not make explicit arguments for equitable tolling, he determined that the petitioner made two inferrable arguments: (1) Petitioner is actually innocent based on the recantation of an eyewitness in 2002; and (2) the Court should not utilize the 2006 filing date of the present habeas corpus petition, but rather the 2004 filing date of the habeas petition that Petitioner unsuccessfully attempted to file at Docket No. 04-cv-4914.

Generally, in order to apply equitable tolling, the petitioner must show that he or she "[e]xercised reasonable diligence in investigating and bringing [the] claims," but "[m]ere excusable neglect is not sufficient." Miller v. N.J. State Dept. of Corrections, 145 F.3d 616, 618-19 (3d Cir. 1988). The Third Circuit set forth three circumstances when equitable tolling is justified: (1) if the defendant has actively misled the plaintiff; (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights; or (3) if the plaintiff has timely asserted his rights, but has mistakenly done so in the wrong forum. Jones v. Morton, 195 F.3d 153 (3d Cir. 1999).

Under Jones, Magistrate Judge Scuderi did not find the two implied arguments warranted equitable tolling because: (1) the Pennsylvania Superior Court found the witness recantation as unreliable testimony, Commonwealth v. Johnson, 841 A.ed 136, 141 (Pa. Super. 2003); and (2) even if the Court were to back-date the present habeas corpus petition to 2004, the petition would still be time-barred by several years.  In any event, Magistrate Judge Scuderi did not find any "rare situations" or "extraordinary circumstances" that would justify equitable tolling.  Furthermore, in non-capital cases, "[a]ttorney error, miscalculation, inadequate research, or other mistakes" did not rise "extraordinary" circumstances required for equitable tolling.  Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001).

3

2.   Petitioner's objections to the Report and
     Recommendation are **OVERRULED**;

3.   The Petition for Writ of Habeas Corpus, pursuant to
     28 U.S.C. § 2254, (doc. no. 1) is **DENIED** and
     **DISMISSED**;

4.   There is no probable cause to issue a Certificate
     of Appealability.

**AND IT IS SO ORDERED.**

                              **S/Eduardo C. Robreno**
                    **EDUARDO C. ROBRENO, J.**